Hany H. Elbashandy, Appellant, 
against
Vincent Abner Turriago, Respondent.




Eppinger, Reingold & Korder (Mitchell L. Korder, Esq.), for appellant.
Adams, Hanson & Kaplan (John P. Martorella, Esq.), for respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County (Sally E. Unger, J.), entered March 1, 2016. The order denied plaintiff's motion for summary judgment and granted defendant's cross motion for summary judgment dismissing the complaint.




ORDERED that the order is affirmed, without costs.
In this action to recover for property damage sustained when defendant's vehicle crashed into plaintiff's parked vehicle, plaintiff moved for summary judgment and defendant cross-moved for summary judgment dismissing the complaint. 
In support of his motion for summary judgment, plaintiff submitted, among other things, an affidavit stating that defendant had been entirely at fault for the happening of the accident, and an accident report which plaintiff had completed. Neither of them demonstrated that plaintiff had personal knowledge of the circumstances of the accident. Plaintiff also submitted a police accident report which had been completed by the police officer who had responded to the scene, in which the officer set forth that defendant had told him that defendant's vehicle had been sideswiped, causing defendant to lose control of his vehicle and to strike plaintiff's vehicle, among others.
Defendant, in his affidavit in support of his cross motion and in opposition to plaintiff's motion, stated that his vehicle had been sideswiped on its left side by another vehicle trying to avoid pylons in the left lane of traffic, which caused defendant to lose control of his vehicle and to strike some vehicles, including plaintiff's, which had been parked in the right parking lane. 
By order entered March 1, 2016, the Civil Court denied plaintiff's motion and granted defendant's cross motion. 
Although a statement by a party in a police accident report may constitute a party admission (see e.g. Jackson v Trust, 103 AD3d 851 [2013]), defendant's statement in the police accident report, in addition to shedding no light on the issue of whether defendant was negligent, in any event, was not inconsistent with the sworn statement made by defendant in support of his cross motion and in opposition to plaintiff's motion (see e.g. Adobea v Junel, 114 AD3d 818 [*2][2014]). Since defendant offered a nonnegligent explanation for the accident, it was plaintiff's burden to present evidence sufficient to raise a triable issue of fact as to whether defendant had operated his vehicle in a negligent matter (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]). In the absence of any request by plaintiff for further discovery (see CPLR 3212 [f]) or any proof, expert or otherwise, to raise an issue as to whether defendant had operated his vehicle in a negligent manner, the Civil Court did not err in denying plaintiff's motion and in granting defendant's cross motion dismissing the complaint.
Accordingly, the order is affirmed.
WESTON, J.P., PESCE and SOLOMON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: October 27, 2017